IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM WILLIAMS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:18-CV-964-O |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, John William Williams, a prisoner in custody in Cumberland County, Pennsylvania, against the Texas Department of Criminal Justice (TDCJ), Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On February 8, 1996, in Tarrant County, Texas, Case No. 0536390A, Petitioner pleaded guilty pursuant to a plea agreement to one count of kidnapping and was sentenced to 30 years' confinement. Pet. 1, ECF No. 1; Resp't's Preliminary Answer 3 & Ex. A, ECF Nos. 16 & 16-1. Petitioner did not directly appeal his conviction or seek state habeas-corpus relief. Pet. 13, ECF No. 1. The parole division of TDCJ informs the Court that Petitioner was released on parole from his 30-year sentence in February 2017.

In this petition, deemed filed on November 18, 2018, Petitioner raises four grounds for relief claiming "denial of assistance of counsel, due process of law, and equal protection" in various respects. *Id.* at 6-9(b). Respondent asserts that the petition is time-barred under the federal statute of limitations or, in the alternative, that Petitioner's claims are wholly unexhausted. Resp't's

Preliminary Answer 1, ECF No. 16.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by persons in state custody. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of triggering subsection (B) or (D), Petitioner contends that the state failed to provide notice, and his court-appointed counsel deliberately concealed, that the "underlying substantive allegations and true nature and cause of the crime of kidnapping to which he pled guilty on [February 8, 1996,] consisted of kidnapping in furtherance of child/sex trafficking" and that he did

2

not learn that he was actually indicted for, pleaded guilty to, and convicted of kidnapping in furtherance of child/sex trafficking until October 23, 2018, when his wife was questioned by the Cumberland District Attorney's Office in Pennsylvania regarding an unrelated criminal case. Pet'r's Resp. 4-5, ECF No. 17. In order to invoke subsection (B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). Petitioner makes no showing to satisfy this provision. Furthermore, it is an impossible stretch for the Court to believe that Petitioner was ignorant of the allegations leading to his arrest and indictment. In order to invoke subsection (D), due diligence requires Petitioner to show some good reason why he was unable to discover the factual predicate at an earlier date. Merely alleging that he did not know the facts underlying his claim is insufficient.

Petitioner's claims relate to the plea proceedings in February 1996; thus he should have known of the basis of his claims at or near the time of trial. Accordingly, the one-year limitations period began to run under subsection (A) on the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that Petitioner had for filing a timely notice of appeal on Monday, March 11, 1996.[1] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Under these circumstances, Petitioner had one year from the AEDPA's effective date, or until April 24, 1997, to file a federal habeas corpus action, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory provision in §

---

[1] March 10, 1996, was a Sunday.

2244(d)(2) and/or as a matter of equity. Petitioner concedes that he has not persued any post-conviction state court remedies. Pet. 13, ECF No. 1; Pet'r's Resp. 3, ECF No. 17. Nor has he demonstrated that equitable tolling is warranted. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner does not assert actual innocence. Instead, he reiterates that "he did not discover the actual underlying substantive offense of kidnapping to which he pled guilty until" October 23, 2018, and "explains" that his counsel and the state "used Petitioner's own mental illness and incompetency and trust to dupe and deceive him into pleading guilty during a period of incompetency." Pet'r's Resp. 7, ECF No. 17. However, Petitioner's conclusory claims and bald assertions, lacking any evidentiary proof, are insufficient to justify equitable tolling. *See Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). His extreme years-long delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. A certificate of appealability is also **DENIED.**

**SO ORDERED** on this 3rd day of September, 2019.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE